# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MANUEL ARMANDO RUIZ RODRIGUEZ,

Petitioner,

v.

JOHN MATTOS, *et al.*,

Respondents.

Case No. 2:26-cv-00316-RFB-EJY

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Manuel Armando Ruiz Rodriguez's First Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (ECF No. 6). Through it, Mr. Rodriguez challenges the lawfulness of his ongoing detention at the Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada, at the hands of Federal Respondents on statutory and constitutional grounds.

The only authority Respondents provide for continuing to detain Petitioner without a bond hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). The Court finds Petitioner is entitled to relief on the following bases: (1) Petitioner was granted bond by the immigration judge ("IJ") at his initial custody redetermination (bond) hearing, and that bond order was reversed solely on the basis of the Board of Immigration Appeals' ("BIA") statutory interpretation and decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"), which has since been vacated under the Administrative Procedures Act ("APA") in Maldonado Bautista v. Noem, No. 5:25-CV-01873-

SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026); (2) the Court *independently* finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the Immigration and Nationality Act ("INA"); and (3) the Court finds that Respondents' continued detention of Petitioner, particularly after an IJ has made findings that Petitioner does not present a danger or flight risk, violates substantive and procedural due process under the U.S. Constitution. Accordingly, the Court grants the Petition and orders Respondents immediately release Petitioner from custody pursuant to the conditions set forth in the IJ's order.

The Court makes the following findings of fact based on the Petition and evidence supplied by the parties. Petitioner is a native and citizen of El Salvador who has resided in the United States since 2007, when he entered the country without inspection. See ECF No. 6 at 5. During his nearly twenty years of residence in our country, Mr. Rodriguez has developed strong family and community ties in Las Vegas, Nevada, where he resides with his partner and their seven-year-old daughter. See id. On August 18, 2025, Petitioner was taken into ICE custody. See id. That same day, DHS commenced removal proceedings against Petitioner, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See Notice to Appear, ECF No. 11-1.

Petitioner then sought a custody redetermination hearing (*i.e.*, bond hearing) pursuant to 8 C.F.R. § 1236. See Order of Immigration Judge, ECF No. 1-1 at 9. On September 5, 2025, the IJ granted bond in the amount of $8,000, but DHS appealed that order, invoking the automatic stay provision under 8 C.F.R. § 1003.19(i)(2) and arguing that the IJ lacked jurisdiction in light of Hurtado. ECF No. 6 at 2. On September 17, 2025, the original bond decision was declared "superseded" for lack of jurisdiction by the IJ, based on a finding that they were bound to follow the BIA's precedential decision in Hurtado. See ECF No. 1-1 at 9. However, on February 18, 2026, the Maldonado Bautista Court vacated Hurtado under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the immigration court's legal basis for reversing the original grant of bond is now void, as established in Maldonado Bautista.

While acknowledging that Hurtado's statutory interpretation of the INA has now been

vacated under the APA, this Court independently rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after decades of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

In addition, the Court finds Respondents' continued detention of Petitioner violates his procedural and substantive due process rights. The procedural due process factors under Mathews v. Eldridge, 424 U.S. 319 (1976), weigh heavily in favor of Petitioner because (1) the private interest affected is his fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioner despite the immigration court's determination that his detention is not warranted, nor any process for Petitioner to challenge the exercise of that discretion; (3) the government's interest in enforcing immigration laws is served by the individualized determination by an immigration court, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. Id. at 334-35; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). In

1  addition, because Respondents have asserted no individualized justification—let alone a special or
2  compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds
3  that Petitioner is currently detained in violation of his substantive due process rights. See Escobar
4  Salgado, 2025 WL 3205356, at *25. Finally, the Court incorporates by reference its reasoning from
5  Escobar Salgado and Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. Sept 5, 2025) regarding
6  the automatic stay provision of 8 C.F.R. § 1003.19(i)(2); the Court continues to find that continued
7  detention pursuant to the automatic stay, where an Immigration Judge has granted bond and the
8  government asserts no individualized justification for detention, also violates both procedural and
9  substantive due process. Id. at *10; Herrera, 798 F. Supp. 3d at 1202-3.

10  Consistent with its broad equitable authority to fashion a habeas remedy for unlawful
11  detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty
12  that Petitioner has suffered and continues to suffer due to Respondents' unlawful detention
13  policies, after an IJ has already found Petitioner does not present a danger to the community of
14  flight risk, Respondents must immediately release Petitioner, subject to the bond
15  conditions originally imposed by the IJ in September 2025. See Carafas v. LaVallee, 391 U.S. 234,
16  238 (1968).

17  Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 6) First Amended
18  Petition for Writ of Habeas Corpus is **GRANTED**.

19  Respondents are **ORDERED** to release Petitioner from custody by **4:00 p.m. on March 3,**
20  **2026**. Petitioner shall be subject to the bond and other conditions imposed by the IJ.

21  The Court has received notice of the hardship other petitioners have incurred in their efforts
22  to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that
23  Petitioner be afforded until **April 3, 2026**, to satisfy any monetary bond conditions.

24  **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**
25  from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already
26  found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See
27  Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

28  **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of compliance with this Order by **March 4, 2026.**

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 2, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**